FILED
United States Court of Appeals
Tenth Circuit

October 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

WELLMAN E. GIBSON,

     Plaintiff-Appellant,

v.

ANNA MARIE CAMPBELL; C.
HOLST, AIC; SHIRLEY STEINBECK;
MARSHALL GRIFFITH; LT.
STEINBECK; DR. AASEN,

     Defendants-Appellees.

No. 09-1267
(D.C. No. 09-CV-00983-ZLW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ, EBEL** and **O'BRIEN,** Circuit Judges.

_____

Plaintiff-Appellant Wellman E. Gibson is a prisoner of the state of Colorado. He

instituted this action against a number of officials in the Colorado Department of

Corrections, claiming both disability discrimination under the Americans with

Disabilities Act, 42 U.S.C. §§ 12101 et seq., and a violation of his First Amendment right

_____

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

to free exercise of his religion, asserted under 42 U.S.C. § 1983. The district court granted him leave to proceed in forma pauperis per 28 U.S.C. § 1915(a), but later dismissed his claims as frivolous under § 1915(e)(2)(B)(ii), because his claims, in its view, were repetitive of claims he had filed in a prior suit. Because the scope of the prior proceedings did not encompass the claims Gibson now seeks to press, we REVERSE that determination and REMAND for further proceedings.

I.      Background

Gibson avers that he suffers from a number of physical disabilities that have caused him—among other problems—to lose dexterity in his hands.[1] Because he claims he cannot use his hands to read, beginning in 2003 he was allowed to participate in the prison's Books on Tape program, in which he was able to listen to both general books and the books he claims are necessary for the exercise of his Jewish faith. In 2006, Gibson was denied the right to participate in the Books on Tape program, allegedly for security reasons.

At around the same time, Gibson submitted a claim for disability discrimination as part of the settlement process in Montez v. Romer, a class action lawsuit filed in the early 1990s on behalf of Colorado inmates suffering from particular disabilities. See Montez v. Romer, 32 F. Supp. 2d 1235 (D. Colo. 1999) (denying motion to dismiss class action

_____

[1] On review of the district court's dismissal of Gibson's claim, we assume the truth of all of his factual allegations. See Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

complaint) [Montez I].  When that case settled in 2003, the district court imposed a Remedial Plan under which class members could present claims of discrimination to a Special Master for processing.  See Montez v. Owens, Civ. No. 92-N-870 (OES), at 1-2 [Montez II].  The Remedial Plan, however, limited the Special Master's jurisdiction to determining whether inmates were disabled within the meaning of the Plan, which encompassed only "mobility, hearing, and vision impairments and . . . diabetes."  Id. at 2.

Before the Special Master, Gibson presented his claim for recovery under the Remedial Plan "premised on an alleged permanent mobility disability."  Montez II at 3. The Special Master noted that Gibson suffered from degenerative disk disease as well as a number of other back ailments.  Id.  The Special Master also noted that Gibson "claims he has been discriminated against by having his books on tape taken by DOC.  He claims that his hand difficulties with dexterity and his cataracts mandate his continuing in the books on tape program."  Id. at 4.  The Special Master initially awarded compensation to Gibson, but upon an objection by the state, reviewed further evidence, including a prison surveillance tape showing Gibson "moving his possessions into a cell, climbing stairs and walking, with and without objects in his hands, without difficulty."  Id.  Based on this evidence, the Special Master determined "that Claimant Gibson is NOT a mobility disabled person under the terms of the remedial plan."  Id. at 5 (emphasis in original).

On May 5, 2009, Gibson filed the instant action in the district court, alleging disability discrimination under the ADA and interference with his protected First Amendment right to practice his religion.  His claim was premised entirely on his loss of

3

dexterity in his hands, rather than any mobility-based disability. The district court determined that his disability discrimination claim was "repetitive of the claim[] he assert[ed] in [Montez II.] Therefore, [his claims] will be dismissed as legally frivolous." (Record on Appeal at 18.) The district court further determined that Gibson's First Amendment claim "is belied by the determination in Montez [II] that a surveillance video of Mr. Gibson shows that he is able to grasp a handrail when he climbs the stairs. Any denial of religious book tapes based on a claim of medical disability is foreclosed by the finding in Montez [II] and is legally frivolous." (Id.) The district court dismissed Gibson's case in its entirety, and revoked his permission to proceed in forma pauperis on appeal.

II.    Discussion

As a general rule, a litigant is prohibited from bringing a claim that has already been decided in a prior case by the twin doctrines of preclusion: res judicata and collateral estoppel. See San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S. 323, 336-37 (2005). However, for preclusion to apply, the litigant must seek to litigate either the same claim, see, e.g., Lewis v. Circuit City Stores, Inc., 500 F.3d 1140, 1147 (10th Cir. 2007), or the same issue, see, e.g., Union Telephone Co. v. Qwest Corp., 495 F.3d 1187, 1195 (10th Cir. 2007), that was decided in the prior proceeding. Further, res judicata may also bar a litigant from bringing a claim that was not—but could have been—brought in a prior proceeding that generated a final, valid judgment on the merits. See Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008). Finally, in order to preclude

4

relitigation of a particular issue under collateral estoppel, the prior determination of that issue must have been necessary to the judgment. See Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2009).

While Gibson did press a claim for disability discrimination before the Special Master in Montez II, the Special Master's jurisdiction was confined to a single question: whether Gibson fell within the class as defined in the Remedial Plan. Montez II at 3. That class was limited to inmates with "mobility, hearing, and vision impairments and . . . diabetes." Id. at 2. Therefore, Gibson would not have been able to bring a claim or obtain relief based solely on a loss of dexterity in his hands. It is this latter claim that he raised with the district court in this proceeding; therefore, at least on the limited appellate record now before us, principles of res judicata should not bar Gibson's current suit.

To be sure, the Special Master in Montez II took note of the issue of Gibson's claimed hand pain, and observed based on the video tape that "[h]e does not appear to have difficulty in gripping." Id. at 4. But once again, given the limited scope of the decision before the Special Master, any determination of the effect of Gibson's hand pain does not appear to have been necessary to the Special Master's judgment that Gibson did not fall within the Remedial Plan class. Therefore, collateral estoppel would not bar Gibson from litigating the issue of his hand pain before the district court in this case.

In reaching this decision, however, we note that we take no position whatever on the overall merits of Gibson's ADA and First Amendment claims, nor do we preclude further evidence or argument on the issue of res judicata or issue preclusion.

5

III.    Conclusion

For the foregoing reasons, we REVERSE the judgment of the district court and

REMAND the case for further proceedings.  Gibson's motion to proceed on appeal in

forma pauperis is GRANTED.


                              ENTERED FOR THE COURT


                              David M. Ebel
                              Circuit Judge

6